(No. 73-CC-0413

CHARLES R. FARNY, Claimant, *v.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 14, 1979.*

CHARLES GIVEN and PREE and PREE, Attorneys for Claimant.

WILLIAM J. SCOTT, Attorney General; WILLIAM E. WEBBER, Assistant Attorney General, for Respondent.

POLOS, C. J.

Claimant, Charles R. Farny, has brought this action, seeking to recover the sum of $30,653.55 which he alleges is due him for back wages during a period of his illegal discharge from his position with the Illinois Department of Law Enforcement, Division of Fire Prevention.

The facts are not in dispute. For many years prior to November 1, 1969, Claimant had been employed as a Deputy Fire Marshall by the Illinois Department of Public Safety, a division of the Illinois Department of Law Enforcement, Division of Fire Prevention. Claimant had performed his duties near his residence in four counties in the southern part of Illinois. In November, 1969, the Department initiated a series of geographical transfers, and Claimant was transferred to Chicago.

On November 17, 1969, Claimant requested a review of this geographical transfer by the Civil Service Commission. Prior to the hearing, a discharge proceedings were initiated against him and he was discharged on December 16, 1969, for failure to report for duty following his geographical transfer. A consolidated hearing was held in January, 1970, on Claimant's discharge and transfer.

On August 3, 1970, a hearing officer recommended that Claimant be returned to a territory located in or near his previous territory. However, the Civil Service Commission did not follow the recommendation of the hearing officer, and denied Claimant's appeal of his geographical transfer.

Claimant then filed an action for administrative review in the Sangamon County Circuit Court. On July

12, 1971, the Honorable Creel Douglass reversed the decision of the Civil Service Commission and ordered Claimant reinstated to his former position in his former territory. Judge Douglass' order also directed that Claimant receive back pay from the date of his dismissal to the date of his order.

The Department of Law Enforcement appealed Judge Douglass' order. On March 1, 1973, the Illinois Appellate Court affirmed the judgment of Judge Douglass and on April 1, 1973, Claimant was reinstated to his former position and restored to duty at a location near his former area.

The parties agree that the only issue before this Court is whether Claimant mitigated his damages during the period of his discharge.

Claimant testified that prior to and during the period of his discharge, he had interests in a family owned grain business, and a school bus business. During the period of his discharge, he performed essentially the same duties in those businesses as he had prior to his discharge.

Claimant testified that during his discharge he sought employment as an insurance adjuster with several companies in his locality. He also unsuccessfully applied for work with two agencies of the State of Illinois in Springfield by making personal calls on the heads of the agencies. However, from December, 1969, through April 1, 1973, he was unable to find employment. He said that his poor health limited the type of work he could perform, and that there was a high level of unemployment in Southern Illinois from 1970 through 1973.

A State employee who has been wrongfully discharged is entitled to his salary during the period of his

illegal removal. However, Claimant must do all in his power to mitigate his damages, and all monies earned during the period of the discharge must be set off against the salary lost as a result of the discharge. *Schneider v. State, 22 Ill.Ct.Cl. 453; Otto v. State, 24 Ill.Ct.Cl. 72.* This Court, sitting as a jury, has the duty to fix damages, by determining whether a Claimant has made reasonable efforts to mitigate his loss. *Schneider v. State, 22 Ill.Ct.Cl. 453; Anderson v. State, 25 Ill.Ct.Cl. 198.*

On consideration of Claimant's testimony, we are not convinced that Claimant did all he reasonably could have done to mitigate his damages. However, while Claimant had income from the grain and bus businesses after his discharge, he enjoyed the same income prior to the discharge. This income may not be taken into account in mitigation of Claimant's damages, as these businesses were operated during hours not taken up by Claimant's duties for the State of Illinois. See, *People ex rel. Bourne v. Johnson, 32 Ill. 2d 324, 305 N.E.2d 470.*

It is therefore ordered that Claimant be, and hereby is, awarded the gross sum of $21,533.50.